CAMP MANUFACTURING COMPANY v. DURHAM FERTILIZER COMPANY.

(Filed 7 April, 1909.)

**Judgments, Assignment of — Summons — Service — Invalid Judgment—Notice—Limitations of Actions.**

When an assignee of a judgment has knowledge that service of summons had not been made on the judgment debtor, and that the judgment was invalid as to him, the statute of limitations begins to run in favor of the assignor of the judgment; and when suit is brought by the assignee, upon the implied warranty of the assignor, more than three years after he had such knowledge, the action will be barred.

APPEAL from *Long, J.,* at January Term, 1909, of DURHAM.

Action to recover the sum of $860, being the principal, together with interest thereon from 1 January, 1893, of a judgment recovered by the defendant at March Term, 1893, of the Superior Court of Durham County, against J. F. Newsome, Robert Holloman and W. E. Jenkins. This judgment, on 21 March, 1901, was assigned to plaintiff by defendant "for value received and without recourse on it," the real consideration paid for the assignment being $75. The defendant pleaded that it was not liable under the terms of the assignment and the several statutes of limitations. From a judgment upon a "case agreed" dismissing the action the plaintiff appealed.

*Winborne & Lawrence, Manning & Foushee* for plaintiff.
*F. L. Fuller* for defendant.

BROWN, J., after stating the facts: In the statement of facts it appears that the judgment assigned was entirely regular upon

150—27

its face. It afterwards transpired that, while purporting to have been served on the defendant Jenkins, in fact, the summons had never been served on him.

The defendant admits the general rule to be that there is an implied warranty on the part of the assignor of a judgment that such judgment is a valid, subsisting obligation against the debtor for the amount specified therein, and has not been paid, in whole or in part. But it is contended that the use of the words "without recourse on it," in the transfer of the judgment involved in this action, relieved the assignor of that implied warranty. It is further insisted that the plaintiff's cause of action is barred by lapse of time.

The first proposition of the defendant is sustained by a very strong opinion of the Georgia Supreme Court, in *Thompson v. Bank,* 102 Ga., 696; 29 S. E. Rep., 610, but it is unnecessary to pass on it here, as we are clearly of opinion that the action is barred, whether it be considered as an action for money had and received, for deceit or for breach of an implied warranty.

The action could not well be maintained on either of the two first-mentioned grounds, as there is not a total failure of consideration or any fact tending to indicate deceit or fraud. The judgment is valid against the other two defendants, and may eventually be made out of them, and it is admitted that this defendant believed it to be valid as to the other defendant therein, and that it purported on its face to be so.

It is admitted that the plaintiff had knowledge, on 25 April, 1904, that the summons had never been served on Jenkins, and that as to him the judgment was invalid. In any view, the plaintiff's cause of action accrued then. It could have then commenced action at once for a breach of the implied covenant of warranty, and upon establishing that the judgment was invalid it could have recovered damage, unless prevented by the words of the assignment. As more than three years had elapsed before the commencement of this action, on 14 October, 1907, it would appear that, giving the plaintiff the benefit of the three-years statute, his cause is barred. Clark's Code (3d Ed.), sec. 115, subsec. 9, and cases cited.

It is contended by defendant that the cause of action accrued

at the date of the assignment, 21 March, 1901, and authority is cited in support of that proposition, but it is unnecessary to consider it, as we are clear that, giving the plaintiff the benefit of the shortest period which, under our statutes, can apply to this transaction, the cause of action, if any ever accrued, is barred.

Affirmed.